Battle, J.
 

 We
 
 have bad occasion to say in several cases recently, that in order to correct a deed wbicli is absolute on on its face, and to convert it into security for a debt, it must be alleged, and proved, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage ; and the intention must be established, by proof not merely of declarations, but of facts
 
 dehors
 
 the deed, incon-consistent with the idea of an absolute purchase.
 
 Sowell
 
 v. Barrett, Busb. Eq. Rep. 50;
 
 Brown
 
 v.
 
 Carson,
 
 Ibid 272; Clement
 
 v. Clement,
 
 1 Jones’ Eq. Rep. 184;
 
 Briggs
 
 v.
 
 Morris,
 
 Ibid 193;
 
 Lamb
 
 v.
 
 Pigford,
 
 Ibid 195;
 
 Taylor
 
 v.
 
 Taylor,
 
 Ibid 246.
 

 The only circumstances besides the declarations of the defendants, relied upon in this case, are, the fact that the plaintiff remained in possession for some time after the purchase, and the inadequacy of the price paid by the defendants. The latter cannot of itself avail much, (see
 
 Brown
 
 v.
 
 Carson, ut supra)
 
 ; but in connection with the possession retained by the plaintiff, it might have great effect, were not the testimony met by proof on the other side which entirely destroys its force. Among the exhibits filed in the cause, on the part of the defendants, is the transcript of the record of a suit in Equity, in which one Enoch Cobb was qilaintiff, and the present complainant and defendants were defendants. In his bill, Cobb charged that the dealings between the present plaintiff and the defendant Hill, and subsequently between these two and the other defendants, were secret transactions entered into for the purpose of defrauding the creditors of the present plaintiff, of whom he, Cobb, was one. The present plaintiff, in his answer to that bill, admitted the truth of the charge, and stated that after keeping the land in question for about
 
 *260
 
 twelve months, claiming and using it as his own, he surrendered the possession to Cobh, whose tenant kept it until he was turned out by some legal ¡proceedings instituted by the defendant Herring. Such an admission is entirely inconsistent with, and disproves, the case sought to be established by the testimony in this causo. The omission to insert the clause of redemption, according to the present plaintiff’s own acknowledgment made under oath, was not by reason of ignorance, mistake, fraud, or any undue advantage taken of him, but was by design to defraud his creditors. He himself repudiated the possession as held under the defendants Hill and Smith, by attorning to Cobb, and surrendering the possession to him. ' y ' -
 

 The bill- must be dismissed; but without costs, as the plaintiff was allowed to sue
 
 in forma pauperis.
 

 PER Cubiam. Decree accordingly.